FILED IN CHAMBERS
U.S.D.C. Rome

OCT 31 2006

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BOBBY L. SCOTT and MELISSA M.
THOMPSON, Individually and on
behalf of a class of all
others similarly situated,

    Plaintiffs,

v.

ING CLARION PARTNERS, LLC,
individually and d/b/a Gable
Residential Trust; GABLES
RESIDENTIAL SERVICES, INC.;
LION GABLES REALTY LIMITED
PARTNERSHIP; GABLES, GP, INC.,

    Defendants.

CIVIL ACTION

NO. 1:06-CV-1843-RLV

O R D E R

This class action lawsuit, alleging breach of fiduciary duty and violations of O.C.G.A. §§ 44-7-31 and 44-7-34, was originally filed in the Superior Court of Cobb County, Georgia, but was subsequently removed to this court pursuant to the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332(d). Pending before the court is the plaintiffs' motion to remand and for evidentiary hearing [Doc. No. 8].

The plaintiffs, purporting to represent a class composed of "[a]ll current and former tenants of Landlord who paid funds to Landlord designated as non-refundable 'redecorating fees' in the State of Georgia for the period commencing twenty (20) years prior to the date of filing of this Complaint and continuing thereafter until the practice claimed of herein ceases" contend that the defendants, as landlords, improperly kept the "redecorating fees"

charged to tenants when the fees should have been considered refundable deposits. The fee being charged to the plaintiffs is $150.00. Of course, in considering whether removal was proper the court does not look to the merits of the complaint; instead the court considers the allegations in the complaint and the facts alleged in the notice of removal.

In moving to remand, the plaintiffs assert two grounds: (1) the defendants waived their right to remove and (2) the minimum diversity requirements of CAFA are not met.

In arguing that the defendants waived their right to remove the action, the plaintiffs rely upon the following language contained in the leases executed by them and also signed by the landlords:

> Resident agrees and understands that the terms and conditions of this agreement, including any and all rules and regulations or other documents or policies referred to herein, will be construed and applied under and according to the laws of the State of Georgia. In addition, Resident agrees and understands that any legal action instituted against Management of or related to any claims or causes of action arising for any reason whatsoever, including personal injury, bodily injury and/or property damage, shall be filed only in the Superior Court or State Court of Cobb County, Georgia.

In Snapper, Inc. v. Redan, 171 F.3d 1249 (11th Cir. 1999), cited by the plaintiffs, the Eleventh Circuit upheld a waiver provision and held that waiver of the right to remove did not have to be "clear and unequivocal" but, instead, that the ordinary principles of contract interpretation were to be applied. *Snapper*, however, is not dispositive of the issue.

2

*Snapper* involved guarantees wherein the guarantors had agreed that any legal proceeding "may be brought in the courts of the State of Georgia or the United States District Court for the Northern District of Georgia, Atlanta Division, all as Creditor may elect." The guarantee went on to provide:

> By execution of this instrument, the Undersigned hereby submits to each such jurisdiction, hereby expressly waiving whatever rights may correspond to it by reason of its present or future domicile. Nothing herein shall affect the right of Creditor to commence legal proceedings or otherwise proceed against the Undersigned in any other jurisdiction. . . .

Snapper filed suit in the Superior Court of DeKalb County, Georgia, and the defendants removed the action to the United States District Court for the Northern District of Georgia. The district court granted Snapper's motion to remand, holding that the forum selection clause signed by the guarantors constituted a waiver of their right to remove. The Eleventh Circuit affirmed, stating:

> Applying ordinary contract principles to the case at hand, we readily conclude that the Guarantors have waived their right to remove. As the district court stated, the waiver of "whatever rights" encompasses all rights. Even if this provision did not sweep so broadly, however, it certainly encompasses more than one right. The Guarantors have not suggested other rights to which this clause might apply other than personal jurisdiction. Removal is the most obvious, if not the only, candidate for an additional right based on domicile that might be covered by this clause. Additionally, the clause provides for the action to be brought in one of the fora "all as Creditor may elect." Allowing removal from the forum that Snapper (i.e., the Creditor) did elect to the forum that Snapper specifically did not elect defies the express language of the contract and unjustifiably diminishes the importance of this specific language.

171 F.3d at 1262.

3

The language in the lease agreements at issue in the case *sub judice* is quite different from the language in the guarantees at issue in *Snapper*. In *Snapper* the guarantor waived *all* rights relating to domicile, necessarily waiving the right to remove based on domicile. The lease agreements contain no such waiver. Moreover, the guarantee allowed the creditor to elect the forum wherein the legal proceedings were to take place. The lease agreements provide merely that the *resident* must file suit in the State Court or Superior Court of Cobb County; they do not provide that *management* must elect either of those forums. For these reasons, the court concludes that the defendants did not waive their right to remove this action to this court.

The court now proceeds to determining whether removal was proper under CAFA. Under CAFA, federal courts have original jurisdiction over class actions in which the amount in controversy exceeds $5,000,000 and there is minimal diversity, i.e., at least one plaintiff and one defendant are citizens of different states. 28 U.S.C. § 1332(d)(2). However, CAFA has an exception for those cases that are local in nature. 28 U.S.C. § 1332(d)(4)(A). In moving to remand, the plaintiffs contend that minimal diversity has not been met, that the amount in controversy does not exceed $5,000,000 and that the matter is local in nature.

As an initial matter this court must determine who has the burden of proof in establishing subject matter jurisdiction. The defendants contend that CAFA changed the tradition notion that

4

removal is not favored and that CAFA "should be read broadly, with a strong preference that in interstate class actions should be heard in a federal court if properly removed by any defendant." ING Clarion Partners, LLC's Response in Opposition to Plaintiffs' Motion to Remand Case and for Evidentiary Hearing at 5, quoting S. Rep. No. 109-14, at 43, 2005 U.S.C.C.A.N. 3, 41.  The defendants specifically refer to certain comments made by Representative Sensenbrenner wherein he said that the provisions strongly favor the exercise of federal jurisdiction.

The problem with this argument is that it has been specifically considered and rejected by the Eleventh Circuit.  In Miedema v. Maytag Corp., 450 F.3d 1322 (11th Cir. 2006), the Eleventh Circuit considered the legislative history of CAFA and the statements of Representative Sensenbrenner with respect to who had the burden of establishing jurisdiction and concluded that the burden remained with the person seeking removal.  The court noted that a committee report could not serve as an independent statutory source having the force of law, citing United States v. Thigpen, 4 F.3d 1573 (11th Cir. 1993) (en banc).

In *Miedema*, the court also rejected the argument "based on the legislative history described above, that the district court should have resolved any doubts about the amount in controversy in favor of finding jurisdiction."  450 F.3d at 1328.  "The rule of construing removal statutes strictly and resolving doubts in favor of remand . . . is well-established. . . .  Statements in CAFA's

legislative history, standing alone, are an insufficient basis for departing from this well-established rule." *Id*. at 1328-29. *But see* Evans v. Walter Industries, 449 F.3d 1159 (11th Cir. 2006) (using the same legislative history to support its conclusion that Congress contemplated broad federal court jurisdiction).

Even though the party seeking removal has the burden of showing that the court has jurisdiction, a plaintiff seeking remand based on the local controversy exception has the burden of establishing that he falls within that exception. Evans v. Walter Industries, Inc., 449 F.3d 1159 (11th Cir. 2006).

With these precepts in mind, the court now considers the arguments made by the parties with respect to diversity, jurisdictional amount, and local controversy.

As noted above, CAFA provides that complete diversity of citizenship is not required; instead, only minimal diversity is required. Thus, the diversity requirement is met when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Despite the specific reference to citizenship, both sides in the instant action have routinely discussed residency rather than citizenship.[1] The Eleventh Circuit has made clear that citizenship, not residency, is

---

[1] The parties here are not alone in their confusion about diversity of *citizenship*. In Evans v. Walter Industries, Inc., 449 F.3d 1159 (11th Cir. 2006), the Eleventh Circuit incorrectly defined minimal diversity as being where "at least one plaintiff and one defendant are from different states." 449 F.3d at 1163. The test is the domicile (and, thus, citizenship) of the parties, not where the parties "are from."

the focus of the court's inquiry. "An allegation of residence is insufficient to establish diversity jurisdiction. The plaintiff must allege citizenship." Kerney v. Fort Griffin Fandangle Association, Inc., 624 F.2d 717, 719 (5th Cir. 1980).

The plaintiffs do not deny that they are citizens of Georgia. Thus, minimal diversity is present if any defendant is a citizen of a state other than Georgia. In their complaint, the plaintiffs allege that Gables Residential Services, Inc. and Gables GP, Inc., are both Texas corporations. Since a corporation is deemed to be a citizen of the state by which it has been incorporated, 28 U.S.C. § 1332(c)(1), these defendants are considered to be citizens of Texas. Consequently, the minimal diversity requirement of CAFA has been met.

CAFA also requires that the amount in controversy exceed $5,000,000, 28 U.S.C. § 1332(d)(2), and the claims of the individual class members may be aggregated to determine whether this amount has been met. 28 U.S.C. § 1332(d)(6). In establishing the amount in controversy, the court looks to the allegations of the complaint. Where the plaintiff has not pled a specific amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Williams v. Best Buy Co., 269 F.3d 1316 (11th Cir. 2001.

In their complaint, the plaintiffs allege that the defendants have approximately 6000 rental units. One of the named plaintiffs

7

was charged a $300 redecorating fee, and the other named plaintiff was charged a $150 redecorating fee. Complaint at ¶¶ 15 and 18. In their brief in support of remand, the plaintiffs state, "The amount charged for the redecorating fee needs to be established, but appears to be approximately $225.00. Based on these numbers, Defendants collect approximately $1,350,000 per year in non-refundable fees." Brief in Support of Motion to Remand Case and for Evidentiary Hearing at 16. Since the plaintiffs' proposed class consists of tenants who have paid this fee for the past 20 years, the court easily concludes that the amount in controversy (even assuming that the redecorating fee may have been less in earlier years) exceeds $5,000,000.

The plaintiffs seek to avoid the consequences of their proposed class length by pointing out that the leases require that any action be brought within one year after the cause of action arises. The plaintiffs ask the defendants to state whether they will enforce this provision (and thus reduce the amount in controversy to less than $5,000,000) or whether they will waive this provision and expose themselves to liability substantially greater than $5,000,000.

However, that is not a decision that the defendants have to make at this juncture. The one-year provision in the leases is akin to a statute of limitations, and such a defense is not to be considered in determining the amount in controversy. "When determining the amount in controversy for jurisdictional purposes.

8

. . the courts cannot look past the complaint to the merits of an defense that has not yet been established." *Miedema*, 450 F.3d at 1332 n.9. Although the lease provision might bar the plaintiffs from recovering redecorating fees collected more than a year prior the filing of the action, "this is a factual issue requiring an adjudication on the merits of the case," and the availability of a defense, even though apparent on the face of the compliant "does not operate to deprive the federal court of jurisdiction." Johns-Manville Sales Corp. v. Mitchell Enterprises, Inc., 417 F.2d 129, 131 (5th Cir. 1969).

Having concluded that both the minimal diversity of citizenship and the jurisdictional amount have been established, the court must now look to see whether the "home state exception" or the "local controversy exception" applies. Under CAFA, a district court shall decline jurisdiction

> (A)(i) over a class action in which--
> (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
> (II) at least 1 defendant is a defendant--
> (aa) from whom significant relief is sought by members of the plaintiff class;
> (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
> (cc) who is a citizen of the State in which the action was originally filed; and
> (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
> (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against

>any of the defendants on behalf of the same or other persons; or
>(B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

Unlike the burden regarding diversity of citizenship and amount in controversy (which falls upon the removing party), the burden to show the applicability of the local controversy exception falls upon the plaintiff.[2]  Evans v. Walter Industries, Inc., 449 F.3d 1159 (11th Cir. 2006).

The defendants contend that with a class period stretching over 20 years, it is highly likely that more than one-third of the class members are no longer citizens of Georgia. The plaintiffs respond by saying that the defendants have not presented evidence showing the citizenship of the putative class and since the defendants have the burden of proving such citizenship, that element of the local controversy has been proven. However, as just noted, the initial burden to prove minimal diversity was on the defendants, and the defendants met that burden. The burden is on the plaintiffs, not the defendants, to prove that two-thirds of the putative class are Georgia citizens. The plaintiffs have come

---

[2] Some courts have referred to a "local controversy" exception, found at section 1332(d)(4)(A), and a "home state" exception, found at section 1332(d)(4)(B). See, e.g., Hart v. FedEx Ground Package System, Inc., 457 F.3d 675 (7th Cir. 2006). However, in Evans, the Eleventh Circuit referred to a "local controversy" exception which "can be satisfied in either of two ways, as provided for respectively in 28 U.S.C. § 1332(d)(4)(A) or (B)." Evans, 449 F.3d at 1163 n.2.

forward with no evidence whatsoever to support such a claim.[3] Having concluded that the plaintiffs have failed to meet their burden with respect to the two-thirds requirement, the court need not determine whether the other elements to show local controversy have been met.

Because the defendants have met their burden of showing minimal diversity of citizenship and amount in controversy, and because the plaintiffs have failed to meet their burden of showing that the local controversy exception applies in this case, the plaintiffs' motion to remand and for evidentiary hearing [Doc. No. 8] is DENIED.

SO ORDERED, this 31st day of October, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge

---

[3] The court concludes that merely asking for an evidentiary hearing without any suggestion as to how this two-thirds requirement could be proven during such hearing does suffice to meet the plaintiffs' burden. The situation in the case *sub judice* is similar to that in *Evans,* where the plaintiffs tried to prove citizenship by extrapolating from known numbers of class members. There the court stated, "We understand that evidence of class citizenship might be difficult in this case. That difficulty, however, is to a considerable degree a function of the class designed by the plaintiffs." *Evans*, 449 F.3d at 1166.