FILED IN CHAMBERS
U.S.D.C. Rome

MAY 0 7 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BOBBY L. SCOTT and MELISSA M.
THOMPSON, Individually and on
behalf of a class of all
others similarly situated,

    Plaintiffs,

v.

ING CLARION PARTNERS, LLC,
individually and d/b/a Gable
Residential Trust; GABLES
RESIDENTIAL SERVICES, INC.;
LION GABLES REALTY LIMITED
PARTNERSHIP; GABLES, GP, INC.,

    Defendants.

CIVIL ACTION

NO. 1:06-CV-1843-RLV

O R D E R

This class action lawsuit, alleging breach of fiduciary duty and violations of O.C.G.A. §§ 44-7-31 and 44-7-34, was originally filed in the Superior Court of Cobb County, Georgia, but was subsequently removed to this court pursuant to the Class Action Fairness Act ["CAFA"], 28 U.S.C. § 1332(d). Pending before the court are the defendants' motions for judgment on the pleadings [Doc. Nos. 53 and 56].

The plaintiffs, purporting to represent a class composed of "[a]ll current and former tenants of Landlord who paid funds to Landlord designated as non-refundable 'redecorating fees' in the State of Georgia for the period commencing twenty (20) years prior

to the date of filing of this Complaint and continuing thereafter until the practice claimed of herein ceases" contend that the defendants, as landlords, improperly kept the "redecorating fees" charged to tenants when the fees should have been considered refundable deposits.

The leases at issue contain virtually identical language regarding the "redecorating fees":

> **Non-Refundable Fees.** In addition to the rent and Security Deposit provided for herein, Resident agrees to pay the following non-refundable fees:
> . . . .
> **Redecorating Fee.** A one-time fee as described on Schedule "A" as a charge for redecorating the premises upon the premises being vacated by Resident. This fee in no way releases Resident from the obligation of leaving the premises in as good condition as when received by Resident, reasonable use and wear expected. Resident recognizes that "reasonable use and wear" does not include damage caused by pets. Manager's judgment shall be the sole factor in determining such pet damage.

The leases also contained the following language regarding the time frame for bringing suit against management:

> **Legal Action Against Management.** Resident agrees and understands that the terms and conditions of this agreement, including any and all rules and regulations or other documents or policies referred to herein will be construed and applied under and according to the laws of the State of Georgia. In addition, Resident agrees and understands that any legal action instituted against Management of or related to any claims or causes of action arising for any reason whatsoever, including personal injury, bodily injury and/or property damage, shall be filed only in the Superior Court or State Court

of Cobb County, Georgia. Resident also agrees and understands that any legal action against Management must be instituted within one year of the date any claim or cause of action arises and that any action filed after one year from such date shall be time barred as a matter of law.

In seeking judgment on the pleadings, the defendants make a three-pronged attack on the plaintiffs' complaint. First, they contend that the plaintiffs' claims are barred by Georgia's voluntary payment doctrine, found at O.C.G.A. § 13-1-13. Second, they argue that the complaint fails to state a claim because the redecorating fees are not security deposits and, therefore, they are not controlled by Georgia law relating to security deposits. Third, they assert that any claims arising more than one year prior to the filing of the action are barred by the one-year limitation of action clause found in the leases. Because the court concludes that the defendants are entitled to judgment on the pleadings because of prongs one and two, the court finds it unnecessary to discuss prong three.

The basis of the plaintiffs' argument that the redecorating fee violates Georgia law is the assertion that the redecorating fee is, in fact, a security deposit. According to the plaintiffs, since the redecorating fee was not held in a separate account, was not returned at the termination of the leases, and was used to

3

cover ordinary wear and tear, the fee violates, inter alia, O.C.G.A. §§ 44-7-1, -2, -31, and -34. The plaintiffs' entire case falls, however, if the redecorating fee is not actually a security deposit.

To support their argument that the redecorating fee is a security deposit, the plaintiffs rely upon Stolz Management Co. v. Phillip, 593 A.2d 583 (Del. Super. 1990), a decision that has not been approved or even cited by a court in a published opinion in any other state. The rationale used by the Superior Court of Delaware, New Castle County,[1] is not particularly persuasive. First, the court noted that Delaware's Landlord-Tenant Code "does not expressly prohibit a nonrefundable redecorating or other such fee." *Id.* at 586. The court then went on to list the various things that a security deposit was used to pay for and the different steps that had to be followed by the landlord if the security deposit was not fully refunded.

After discussing the various uses of a security deposit and a redecorating fee, the court then stated:

> Stolz's use of the redecorating fee and its handling of the payments of such fees conflicts with the clear, proscribed and prescribed uses and handling of security

---

[1] This court is a trial court and is not an appellate court of the State of Delaware.

4

>deposits. Where the fee is not authorized and its use conflicts with the Code, the lease provision under which it is paid is unenforceable.

Id. at 587.

However, simply saying that a lease provision conflicts with a statute does not necessarily make it so. The "conflict" found by the court in Delaware was the redecorating fee could be used to defray costs incurred to repair and correct damages not only from wear and tear but also from other damages beyond normal wear and tear. Apparently, in the court's mind using a non-refundable redecorating fee to cover a cost that could be paid for from a security deposit "conflicted" with the statute and converted the redecorating fee into a security deposit. This court does not reach the same conclusion. The fact that a lease permits different funds to be used for the same purpose does not create a conflict between those two provisions and a state statute regulating one of the provisions.[2]

---

[2] Interestingly, the Delaware court, after holding that the redecorating fee was unenforceable since it served the same purpose as a security deposit and, therefore, was in conflict with the Code, went on to hold, "[T]he redecorating fee is not a security deposit in the sense that by failing to provide Phillip with a list of damages and refund it within the requisite number of days, Stolz has become liable for double damages." 593 A.2d at 588. Such selective interpretation makes the decision less persuasive.

5

As the Delaware court did with Delaware law, this court finds nothing in the Georgia Code that prohibits a landlord from charging a non-refundable redecorating fee. The fact that the Georgia Code sets out precise obligations that a landlord must follow with respect to a security deposit does not mean that the Code outlaws a fully disclosed, non-refundable redecorating fee. Because the redecorating fee is not subject to the Georgia Code provisions regarding security deposits, this court holds that the plaintiffs are not entitled to have that fee returned. Consequently, the defendants are entitled to judgment on the pleadings.

Moreover, even if the redecorating fee were subject to the Georgia Code provisions, the plaintiffs would not be entitled to relief because of the voluntary payment doctrine. O.C.G.A. § 13-1-13 states in relevant part:

> Payments of claims made through ignorance of the law or where all the facts are known and there is no misplaced confidence and no artifice, deception, or fraudulent practice used by the other party are deemed voluntary and cannot be recovered unless made under an urgent and immediate necessity therefor or to release person or property from detention or to prevent an immediate seizure of person or property.

Telescripts Cable Co. v. Welsh, 247 Ga. App. 282 (2000), and Cotton v. Med-Cor Health Information Solutions, Inc., 221 Ga. App. 609 (1996), applied the statute, and the court finds those cases to be

6

controlling. As noted by the court in *Telescripts*, the party seeking to recover repayment has the burden of showing that the voluntary payment doctrine does not apply. Although the plaintiffs argue that the voluntary payment rule does not apply to contract payments unrelated to claims resolution, this court does not read the applicable cases so strictly.

In *Telescripts*, the plaintiffs' service agreement provided that a late fee would be incurred if payment was not made by the due date. Each plaintiff was aware of the policy but failed to make timely payments. The plaintiffs paid the late fees and later sued to recover those payments, arguing that they were an unenforceable penalty. "Assuming, without deciding, that the late fee was not a reasonable preestimate, the plaintiffs are asserting that they did not know that the late fee was unenforceable under the law. In other words, the plaintiffs are simply stating that they made their payment[s] under ignorance of the law. And when payment is made through mere ignorance of the law, it is not recoverable. . . ." *Telescripts*, 247 Ga. App. at 285.

The plaintiffs' argument in the case *sub judice* is essentially the same argument made by the plaintiffs in *Telescripts*: they did not know that the redecorating fee was an improper security deposit

7

and that is why they paid it. Like the court in *Telescripts*, this court rejects that argument.

Similarly, the plaintiffs in *Cotton* paid fees to have medical records copied. The fees charged were in excess of that allowed by law. The court found that the voluntary payment of the excessive fees barred recovery by the plaintiffs.

The cases relied on by the plaintiff, Dell v. Kugel, 99 Ga. App. 551 (1991), and Cochran v. Ogletree, 244 Ga. App. 537 (2000), are inapposite. Those cases held simply that payments made under a void contract are recoverable. The plaintiffs in the case *sub judice* do not argue that the leases themselves are void.

Likewise, Broome v. Cavanaugh, 102 Ga. App. 563 (1960), also relied upon by the plaintiff, does not require a contrary result. In that case, the plaintiff had paid a fee to the defendants, who ran an employment agency, to secure him a permanent job with limited travel. However, the job secured by the defendants for the plaintiff did not meet that criteria. "Since the purpose for which the plaintiff parted with his money failed of accomplishment, the defendants cannot in good conscience retain the money, and the plaintiff is entitled to have same returned to him." *Id.* at 565. That situation is different from that under which the plaintiffs in the instant case paid the redecorating fee. *Broome* would be

8

applicable if, for example, the plaintiffs had paid for a month's rent but then the apartment was destroyed before they moved in. Under those circumstance, this court would have no problem holding that rental fee, though voluntarily paid, would have to be returned to the plaintiffs.  But that is not the case before the court.

In summary, because the redecorating fee is not subject to the same requirements imposed on security deposits and because, even if it were, the plaintiffs are barred from recovery because of O.C.G.A. § 13-1-13, the defendants' motions for judgment on the pleadings [Doc. Nos. 53 and 56] are GRANTED.

SO ORDERED, this 7TH day of May, 2007.

*Robert L. Vining, Jr.*
ROBERT L. VINING, JR.
Senior United States District Judge